RICHARD R. STENCLIK AND DOLORES STENCLIK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stenclik v. Commissioner
Docket No. 24719-88
United States Tax Court
T.C. Memo 1989-516; 1989 Tax Ct. Memo LEXIS 516; 58 T.C.M. (CCH) 205; T.C.M. (RIA) 89516; September 25, 1989; As corrected September 26, 1989 Basil Tzetzo, for the petitioners. Jerome F. Warner, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This case is before the Court on the parties' cross-motions for summary judgment pursuant to Rule 121. [1] By notice of deficiency dated June 23, 1988, respondent determined a deficiency in petitioners' Federal income tax for the taxable *517 year 1980 in the amount of $ 24,526. Respondent also determined that petitioners' underpayment of tax was a substantial underpayment attributable to tax-motivated transactions as defined by section 6621(c)(3). The sole issue for our decision is whether respondent's determination is barred by the period of limitations. There is no dispute as to the facts of this case. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners are husband and wife and resided at Williamsville, New York, when they filed their petition. Petitioners filed their joint income tax return for the taxable year 1980 on April 15, 1981. On November 15, 1983, petitioners and respondent executed a Form 872-A (Special Consent to Extend the Time to Assess Tax). Paragraph One of Form 872-A provides in part that the Federal income tax due for the year ended December 31, 1980: may be assessed on or before the 90th (ninetieth) day after: (a) the *518 Internal Revenue Service Office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * * Paragraph Two of the executed Form 872-A further provides that: "This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax in the final administrative appeals consideration." The executed Form 872-A also contains restrictive language limiting the extension to adjustments relating to the following entities: Matoon Associates (Matoon), Metals Associates (Metals), and Alpha Partners (Alpha). At no time prior to respondent's issuance of the notice of deficiency did petitioners terminate the Form 872-A agreement *519 by filing a Form 872-T. On June 11, 1984, and May 23, 1985, respondent's District Director in Buffalo, New York, received Forms 6657 (Related Returns Examination Report) for Matoon and Metals, respectively. On May 28, 1985, respondent's District Director received a Form 4665 (Report Transmittal) for Alpha. Respondent's file also contained a letter to petitioners dated February 10, 1988, offering to close the examination of petitioners' 1980 tax return by allowing out-of-pocket expenses as a deduction in the initial year of petitioners' investments. Petitioners ignored this offer. Other than the examination reports and the out-of-pocket offer, respondent's files reflect no activity between respondent and petitioners until respondent issued the notice of deficiency. On June 23, 1988, respondent issued the statutory notice of deficiency based on increased income adjustments relating to petitioners' interests in Metals and Matoon. Section 6501(a) generally provides that taxes imposed by the Internal Revenue Code must be assessed within three years from the time that the return is filed. There is no dispute that the notice of deficiency was not sent to petitioners within the normal *520 3-year period. Therefore, respondent's determination will be time-barred unless it falls within an exception to the general rule. One such exception is under section 6501(c)(4), which provides that the period for assessment may be extended by agreement, so long as that agreement is executed before the period for assessment has expired. Petitioners argue that respondent did not issue his notice of deficiency within a reasonable time after the execution of the Form 872-A and that therefore assessment of tax for 1980 is barred by the period of limitations. Respondent contends that the period of limitations was extended by agreement and that petitioners did not terminate the agreement prior to issuance of the notice of deficiency. In a recent Court-reviewed opinion, we held that Form 872-A and the extension of the period for assessment obtained thereunder does not expire by operation of law after a reasonable time. . Petitioners have failed to distinguish their case from We also reject petitioners' other arguments as meritless. In accordance with the *521 reasoning set forth in , [2] we hold for respondent that the assessment is not barred by the period of limitations. In light of the foregoing, An apropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. We have previously addressed this identical issue with these same petitioners for taxable year 1979. See .↩